[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 416.]

**TOLEDO BAR ASSOCIATION *v*. GODBEY.**

**[Cite as *Toledo Bar Assn. v. Godbey*, 2002-Ohio-1239.]**

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of entrusted legal matters—Intentionally failing to seek lawful objectives of client—Failing to carry out contracts for professional employment—Prejudicing or damaging clients during course of professional relationship— Withdrawing from employment before taking reasonable steps to avoid prejudice to client and delivering to client all property to which client is entitled—Entering into a business transaction with a client with differing interests without client's consent after full disclosure to client— Continuing multiple employment where judgment for one client will be adversely affected by representation of another client—Failing to cooperate in disciplinary investigation.*

(No. 01-1223—Submitted November 13, 2001—Decided March 6, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-54.

————————————

*Per Curiam.*

{¶ 1} On August 7, 2000, relator, Toledo Bar Association, filed a three-count complaint charging respondent, James D. Godbey of Toledo, Ohio, Attorney Registration No. 0014101, with several violations of the Code of Professional Conduct. After respondent answered the complaint, relator filed an amended complaint adding three new counts of attorney misconduct. Respondent did not answer the amended complaint. The matter was referred to a panel of the Board of Commissioners on Grievances and Discipline for ruling on relator's motion for

default on Counts 4, 5, and 6 of the amended complaint and for summary judgment on Counts 1, 2, and 3.

{¶ 2} Based on the allegations of the original complaint, respondent's answers, and the evidence submitted with the motion, the panel granted relator's motion for summary judgment and default. In so doing, the panel made the following findings of fact.

{¶ 3} On December 20, 1996, respondent filed a suit on behalf of his client, Janice E. Luft, for personal injuries incurred by Luft in January 1995. Respondent failed to forward to his client interrogatories served on him by the defendant and failed to respond to discovery. Instead, on July 25, 1997, he filed a voluntary dismissal of the action and did not inform Luft. Respondent failed to refile the action within one year and Luft lost her claim. The panel concluded that respondent's conduct violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of a client), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment), and 7-101(A)(3) (a lawyer shall not prejudice or damage his client during course of professional relationship).

{¶ 4} The panel also found that Joseph F. Arthur had engaged respondent to handle a bodily injury claim and had been assured by respondent that the matter would be submitted to the insurance company in early 1999. Arthur was thereafter unable to contact respondent. Although Arthur provided respondent with documentation, respondent did not open a file on Arthur. The panel concluded that respondent's inaction also violated DR 6-101(A)(3), 7-101(A)(1), 7-101(A)(2), and 7-101(A)(3).

{¶ 5} In addition, the panel found that after Charles Sweezer employed respondent to handle a personal injury claim resulting from an automobile accident, Sweezer was unable to contact respondent. Sweezer obtained the services of another attorney to represent him, but respondent did not reply to the request of

Sweezer or his new attorney to forward the file. Eventually, the second attorney reconstructed the file and settled Sweezer's case. The panel found that in this matter, respondent had violated DR 6-101(A)(3), 7-101(A)(1), 7-101(A)(2), 7-101(A)(3), and 2-110(A)(2) (a lawyer shall not withdraw from employment before taking reasonable steps to avoid prejudice to the client and delivering to the client all property to which the client is entitled).

{¶ 6} Based on the allegations of the amended complaint, which the respondent failed to answer, and the evidence submitted in support, the panel found that in June 1995, respondent filed a suit on behalf of Samuel Fields, Jr., and thereafter ceased to communicate with Fields. Respondent failed to supply Fields with any information concerning the claim and finally surrendered Field's file to the relator in November 2000. The panel concluded that respondent's conduct violated DR 6-101(A)(3), 7-101(A)(1), 7-101(A)(2), and 2-110(A)(2).

{¶ 7} It also found that Teri F. Clodfelter retained respondent to represent her minor child in a personal injury case and provided respondent a file in the matter. Respondent took no action and did not return the file until November 2000, six months after a grievance had been filed against him. The panel concluded that in this instance, respondent violated DR 6-101(A)(3) and 7-101(A)(1).

{¶ 8} The panel finally found that Chuck Hamdan employed respondent to avoid a default judgment and to bring a malpractice action against the attorney for the client who had filed the case. Respondent failed to notify Hamdan that he was, at that time, representing the attorney. For this failure of disclosure, the panel concluded that respondent had violated DR 5-104(A) (a lawyer shall not enter into a business transaction with a client unless the client has consented after full disclosure) and 5-105(B) (a lawyer shall not continue multiple employment if his judgment for one client will be adversely affected by the representation of another client).

**{¶ 9}** The panel also found that in all these matters, the respondent failed to cooperate in relator's investigation and so violated Gov.Bar R. V(4)(G).

**{¶ 10}** In mitigation, the panel noted that at a deposition in September 2000, respondent had revealed that he was suffering from a number of personal, professional, and physical problems. But the panel also noted that respondent did not answer the amended complaint, and at the time of the motion for default, had not been in his office for several months and had recently missed one or more court appearances. The panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

**{¶ 11}** On review of the record, we adopt the findings, conclusions and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., KLINE, CARR, F.E. SWEENEY, PFEIFER AND LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in judgment.

ROGER L. KLINE, J., of the Fourth Appellate District, sitting for DOUGLAS, J.

DONNA J. CARR, J., of the Ninth Appellate District, sitting for RESNICK, J.

————————————

*Jonathan B. Cherry* and *Matthew J. Rohrbacher,* for relator.

————————————